# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RODD SOMMER and DEBORAH SOMMER, <br> Plaintiffs, <br><br> v. <br><br> ANTRANIK YEGUENIAN, MACK TRUCKING, INC., and MCKINNEY VEHICLE SERVICE, INC., <br> Defendants. | CAUSE NO.: 2:19-CV-448-JTM-JEM |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. On February 24, 2020, Defendants filed an Unopposed Motion to Consolidate Two Actions [DE 23], requesting consolidation of the above-captioned matter with the cause number 2:20-CV-38-JTM-JEM, *Angela Burns v. Antranik Yeguenian, Mack Trucking, Inc., and McKinney Vehicle Service, Inc*. However, review of both dockets reveals that the allegations are insufficient for demonstrating diversity of citizenship. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Defendants Mack Trucking, Inc., and McKinney Vehicle Service, Inc., removed this action to federal court. The Notice of Removal alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Defendants, in this case "the part[ies] seeking to invoke federal diversity jurisdiction . . . bear[] the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.

1997) (citations omitted). Anything less can result in remand of a removed case to state court for want of jurisdiction. *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002). For cases in federal court due to removal on the basis of diversity jurisdiction, "diversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Gaurdsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

Regarding diversity of citizenship of the individual parties, Defendants assert that "Plaintiffs are both citizens of the State of Indiana," Notice of Removal ¶ 12 [DE 1], and "Defendant Antranik Yeguenian is a citizen of the State of California." *Id*. at ¶13. Defendants must advise the Court of the domicile of Defendant Antranik Yeguenian and Plaintiffs Rodd Sommer and Deborah Sommer at the time the Complaint, not just as of the date of removal to federal court.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **March 9, 2020**, a supplemental jurisdictional statement clarifying the citizenship of Rodd Sommer, Deborah Sommer, and Antranik Yeguenian under 28 U.S.C. § 1332(c)(2) as outlined above.

The Court **TAKES UNDER ADVISEMENT** the Unopposed Motion to Consolidate Two Actions [DE 23] and **REMINDS** Plaintiffs that any response to the Notice of Consolidation is to be filed by **March 9, 2020**.

SO ORDERED this 26th day of February, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record